When two police officers responded to the call, the off-duty officer motioned to a nearby vehicle. Two individuals were inside the vehicle, and defendant was attempting to enter the rear passenger seat. One of the officers testified that he approached defendant to "see what was going on." He asked defendant "just how's it going, you know, what are you up to, you got some ID, can I talk to you for a minute." Defendant responded by stating, "I have something in my pocket, but it's not mine." The officer observed what he described as an "oddly shaped" sock sticking out of defendant's right rear pocket. The officer testified that "it looked more like it might have been some type of firearm." The officer pulled on the sock and it felt "like a handgun."

County Court concluded that the People failed to meet their burden of establishing that the officer's reason for approaching defendant extended beyond mere curiosity and noted that defendant was not engaged in any criminal activity at the time of the approach. The court thus concluded that the officer detained defendant "without any information concerning the situation he was there to investigate" and therefore suppressed the evidence seized from defendant and a statement thereafter made by him.

The parties agree that this case involves the four-tier common-law analysis of police-civilian encounters set forth by the Court of Appeals in *People v De Bour* (40 NY2d 210 [1976]). The parties further agree that the encounter between the police and defendant here was a level one encounter, in which the police may lawfully approach an individual and inquire about basic, nonthreatening matters such as name, address and destination, as long as the police have "some articulable reason" for the questioning (*id.* at 213; *see People v Hollman*, 79 NY2d 181, 185 [1992]). Indeed, such "questions need be supported only by an objective credible reason not necessarily indicative of criminality" (*Hollman*, 79 NY2d at 185). We conclude that the People met their burden of establishing that the officer had an objective credible reason, i.e., information from an off-duty police officer concerning a disturbance, justifying the officer's request for basic non-threatening information from defendant (*see People v Reyes*, 83 NY2d 945, 946 [1994], *cert denied* 513 US 991 [1994]; *People v Rush*, 31 AD3d 1115 [2006], *lv denied* 7 NY3d 870 [2006]). Thus, under the circumstances presented here, we conclude that the court erred in granting that part of defendant's omnibus motion seeking suppression. Present—Smith, J.P., Peradotto, Lindley, Sconiers and Martoche, JJ.

■ WILJEFF, LLC, Respondent, v UNITED REALTY MANAGEMENT CORP., Appellant. (Appeal No. 1.) [918 NYS2d 924]—■

Present—Centra, J.P., Fahey, Lindley, Green and Martoche, JJ.

■ WILJEFF, LLC, Respondent, v UNITED REALTY MANAGE-MENT CORP., Appellant. (Appeal No. 2.) [920 NYS2d 495]—

Memorandum: Plaintiff commenced this action seeking, inter alia, damages arising out of defendant's breach of the management agreement (Agreement) between the parties, pursuant to which defendant was to manage a mixed-use complex (complex) owned by plaintiff. Plaintiff terminated the Agreement after defendant allegedly failed to perform its obligations thereunder, and defendant subsequently withdrew a certain sum from a bank account owned by plaintiff as a termination fee, alleging that it was entitled to such a fee because plaintiff had terminated the Agreement without cause. Supreme Court denied defendant's motion to strike the complaint, granted plaintiff's cross motion for partial summary judgment on the second cause of action, determining that plaintiff's termination of the Agreement was for cause, and entered judgment against defendant in the amount of the termination fee that it improperly withdrew, plus interest and costs. We affirm.